Yvonne **FLOYD–MAYERS**, et al., Plaintiffs,

v.

**AMERICAN CAB CO., INC.,** et al., Defendants.

**Civ. A. No. 89–1777 (CRR).**

United States District Court, District of Columbia.

April 2, 1990.

John C. Keeney, Jr., Craig A. Hoover, L. Anthony Sutin, and William P. Flanagan of Hogan & Hartson, Washington, D.C. and Joseph M. Sellers and Avis E. Buchanan of Washington Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for plaintiffs.

J.E. Wingfield and Harry Goldwater, Washington, D.C., for defendant American Cab Co.

## ORDER

CHARLES R. RICHEY, District Judge.

The Court has before it the plaintiffs' Motion to Compel American to answer deposition questions and American's Opposition thereto and Motion for Protective Order. In resisting the plaintiffs' attempts to obtain discovery concerning its financial resources, American basically has relied upon arguments pending—until recently—in its motions for summary judgment and to dismiss punitive damages claims. American argues that its finances are irrelevant in this case because: (1) American is not responsible for the alleged intentional discrimination of its taxicab drivers and (2) in any event there is no evidence on the record to support a punitive damages award against American.

Because neither of these arguments survived the Court's recent decisions, *see* Court's March 20, 1990 Memorandum Opinion (denying American's Summary Judgment Motion); Court's March 1, 1990 Order (denying American's Motion to Dismiss Punitive Damages Claims), the Court will order American to answer the plaintiffs' inquiries about its financial status. Clearly, the scope of discovery in federal civil cases

---

is broad. *See* Fed.R.Civ.P. 26(b)(1). Moreover, the Supreme Court has held in the context of civil rights actions that a defendant's financial status is admissible on, as well as relevant to, the issue of punitive damages. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270–71, 101 S.Ct. 2748, 2761–62, 69 L.Ed.2d 616 (1981). Finally, American does not contend that the financial information sought is privileged or non-discoverable, but only that it should not be disclosed until "such time that the Court does not rule favorably on [American's above-mentioned] Motions." American's Opposition to Plaintiffs' Motion to Compel ¶ 4, at 2.

Accordingly, it is, by the Court, this 30th day of March, 1990,

ORDERED that the plaintiffs' Motion to Compel American to answer deposition questions about its financial resources shall be, and hereby is, GRANTED and that American's Motion for Protective Order shall be, and hereby is, DENIED; and it is further

ORDERED that, at such time as the plaintiffs may request within twenty (20) days of the date of this Order, American shall appear to testify under oath regarding its financial resources; and it is further

ORDERED that the parties shall bear their own attorney's fees, expenses, and costs incurred in bringing and opposing the motions addressed herein.